1  **SHUMENER, ODSON & OH LLP**
2  Betty M. Shumener (Bar No. 137220)
   Henry H. Oh (Bar No. 187127)
3  Staci M. Tomita (Bar No. 266309)
   550 South Hope Street, Suite 1050
4  Los Angeles, California 90071-2678
   Tel: (213) 344-4200
5  Fax: (213) 344-4193

6  Attorneys for Specially Appearing Defendants
   Cottonwood Capital Property Management, LLC;
7  Cottonwood Capital Property Management II, LLC;
   and Daniel Shaeffer

8
                    UNITED STATES DISTRICT COURT
9
                 SOUTHERN DISTRICT OF CALIFORNIA
10

11
   JOHN L. WEISS, an individual, on       Case No. **'14 CV 2689 H      NLS**
12 behalf of himself and all others
   similarly situated;
13
                                          **DEFENDANTS COTTONWOOD**
                 Plaintiffs               **CAPITAL PROPERTY**
14                                         **MANAGEMENT, LLC;**
                 v.                        **COTTONWOOD CAPITAL**
15                                         **PROPERTY MANAGEMENT II,**
   NNN CAPITAL FUND I, LLC, a             **LLC; AND DANIEL SHAEFFER'S**
16 Delaware limited company; TORREY       **NOTICE OF REMOVAL OF ACTION**
   PINES BANK, a California               **TO FEDERAL COURT PURSUANT**
17 corporation; SCOTT PETERS, an          **TO 28 U.S.C. §§ 1332, 1441, 1446, AND**
   individual; JEFF HANSON, an            **1453**
18 individual; ANDREA BILLER, an
   individual; FRANCENE LAPOINT, an
19 individual; KEVIN HULL, an
   individual; NNN REALTY
20 INVESTORS, LLC, a Virginia limited
   liability company; DAYMARK
21 REALTY ADVISORS, INC., a
   Delaware corporation; DAYMARK
22 PROPERTIES REALTY, INC., a
   California corporation; TODD A.
23 MIKLES, an individual; ETIENNE
   LOCOH, an individual; STEVEN
24 KRIES, an individual;
   COTTONWOOD CAPITAL
25 PROPERTY MANAGEMENT, LLC, a
   Delaware Limited Liability Company;
26 COTTONWOOD CAPITAL
   PROPERTY MANAGEMENT II,
27 LLC, a Delaware Limited Liability
   Company; DANIEL SHAEFFER, an
28 individual; SOVEREIGN STRATEGIC

SHUMENER, ODSON &
OH LLP
                              -1-
                      NOTICE OF REMOVAL

| | |
|---|---|
| 1 | MORTGAGE FUND, a California limited liability company; |
| 2 | SOVEREIGN CAPITAL MANAGEMENT GROUP, INC., a |
| 3 | California corporation; PLANTATIONS AT HAYWOOD, |
| 4 | LLC, a Delaware limited liability company; PLANTATIONS AT |
| 5 | HAYWOOD MANAGER, LLC, a Delaware limited liability company; |
| 6 | PLANTATIONS AT HAYWOOD MEMBER, LLC, a Delaware limited |
| 7 | liability company; PLANTATIONS AT HAYWOOD OWNER, LLC, a |
| 8 | Delaware limited liability company; PLANTATIONS AT HAYWOOD H, |
| 9 | LLC, a Delaware limited liability company; PLANTATIONS AT |
| 10 | HAYWOOD M, LLC, a Delaware limited liability company; |
| 11 | PLANTATIONS AT HAYWOOD 0, LLC, a Delaware limited liability |
| 12 | company; 1600 BARBERRY LANE, LLC, a Delaware limited liability |
| 13 | company; 1600 BARBERRY LANE OWNER, LLC, a Delaware limited |
| 14 | liability company; OAK PARK OFFICE CENTER, LLC, a Delaware |
| 15 | limited liability company; MARKET TOWER PARTNERS, LLC, a |
| 16 | Delaware limited liability company; SOVEREIGN MARKET TOWER, a |
| 17 | Delaware limited liability company; MANAGER, LLC, a Delaware limited |
| 18 | liability company; DE REAL ESTATE INVESTMENT, a Delaware limited |
| 19 | liability company, and DOES 1 through 100, |
| 20 | Defendants. |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendants Cottonwood Capital Property Management, LLC; Cottonwood Capital Property Management II, LLC; and Daniel Shaeffer (collectively, "Cottonwood") hereby specially appear through undersigned counsel, without waiving any of their defenses under Federal Rule of Civil Procedure 12, and remove the above-captioned action from the Superior Court for the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Attached hereto as Exhibit "A" is a true and correct copy of all state court filings served on Cottonwood or otherwise retrieved by Cottonwood from the state court.

## I.    INTRODUCTION

1.    On September 3, 2014, plaintiff John L. Weiss ("Plaintiff") commenced this action against Cottonwood, among other defendants (collectively "Defendants") in the Superior Court of California for the County of San Diego, Case No. 37-2014-00029739-CU-FR-CTL.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.    This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Cottonwood has satisfied the procedural requirements for removal and this Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA").  28 U.S.C. § 1332(d).

## II. COTTONWOOD COMPLIED WITH ALL OF THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3.      This Notice of Removal is properly filed in the United States District Court for the Southern District of California because the San Diego County Superior Court is located in this federal judicial district.  28 U.S.C. § 1441(a). [1]

4.      Cottonwood was served with the Complaint on October 14, 2014. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

5.      Under CAFA, consent by all Defendants to federal jurisdiction is not necessary for Cottonwood to remove this action.  See 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.").

6.      This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1446(a).

7.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Cottonwood is attached hereto as Exhibit A.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and is being filed with the Clerk of the Superior Court of California for the County of San Diego.

---

[1]      By this removal, Cottonwood does not waive and has not waived any of its rights to contest the personal jurisdiction of any court (state or federal) within the State of California, and hereby reserves same.

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

9.      This case is subject to removal pursuant to CAFA.  See 28 U.S.C. § 1332(d).

10.      As amended by CAFA, 28 U.S.C. § 1332(d) vests federal courts with original jurisdiction over class actions in which: (1) the plaintiff's proposed class consists of 100 or more members; (2) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimum diversity exists); and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs.  See 28 U.S.C. §§ 1332(d)(2), (d)(5)(A) and (B)2; Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 978 (9th Cir. 2013).[2]  As described below, each of these requirements is satisfied.

### A.   Plaintiffs' Proposed Class Consists of More than 100 Members.

11.      In his Complaint, Plaintiff purports to represent "a putative class of Plaintiffs, estimated to number three hundred thirty (330) persons, who were fraudulently induced by defendants, to acquire limited liability company membership 'Interests' (the 'Interests') issued by Defendant NNN CAPITAL FUND I, LLC, formerly known as Grubb &Ellis Capital Fund I, LLC (the 'COMPANY') …."  Compl., ¶ 1.  The requirement of CAFA that the putative class consists of more than 100 members is therefore satisfied.

### B.   Minimum Diversity Exists.

12.      Although Plaintiff does not allege the state of his residency, Compl., ¶ 10, Cottonwood is informed that Plaintiff is a resident of Orange County, California.

---

[2]      A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23, or "similar State statute or rule of civil procedure," such as the California Code of Civil Procedure.  See 28 U.S.C. § 1332(d)(1)(B).

13.     Defendant Daniel Shaeffer ("Shaeffer") is, and was at the time Plaintiff commenced this action, a citizen of the United States and a resident of the State of Utah.  Shaeffer is therefore a citizen of Utah for purposes of determining diversity.  Minimal diversity is thus satisfied.  28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … **any member** of a class of plaintiffs is a **citizen of a State different** from **any defendant**").

### C.     The Amount in Controversy Exceeds $5 Million.

14.     The amount in controversy in this case exceeds the statutory requirement of $5 million, exclusive of interest and costs.  Pursuant to CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million.  See 28 U.S.C. § 1332(d)(6).

15.     The jurisdictional threshold is satisfied because Plaintiff alleges that "Plaintiffs have suffered substantial damages because they have suffered a loss of the value of their Interests with an unreturned capital account investment of **not less than $14,500,000** as of February 2011 subject to proof at the time of trial." Compl., ¶ 123.  See also Compl., ¶ 160.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) ("when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount").

16.     Furthermore, Plaintiff's request for punitive damages and attorneys' fees confirm that the Complaint easily satisfies the jurisdictional threshold.  See Complaint, Prayer for Relief.

**IV.    CONCLUSION**

17.    WHEREFORE, Cottonwood respectfully requests that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and prevent further proceedings in this matter in the Superior Court for the State of California for the County of San Diego.

Dated:  November 12, 2014                SHUMENER, ODSON & OH LLP


By:  ___s/ Henry H. Oh_____
HENRY H. OH
Attorneys for Specially Appearing
Defendants
Cottonwood Capital Property
Management, LLC; Cottonwood Capital
Property Management II, LLC; and
Daniel Shaeffer
E-mail: hoh@soollp.com

SHUMENER, ODSON &
OH LLP

-7-