# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| JOHN L. WEISS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NNN CAPITAL FUND I, LLC, a Delaware limited company, et al., <br><br> Defendants. | Case No.: 3:14-cv-2689-H-NLS <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE;** <br><br> **(2) DENYING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE; AND** <br><br> **(3) DENYING DEFENDANTS' MOTION FOR SANCTIONS** <br><br> [Doc. Nos. 103, 109] |

On February 19, 2016, Plaintiffs filed a motion to dismiss the case without prejudice. (Doc. No. 103.) On March 7, 2016, Defendants opposed the motion. (Doc. No. 107.) On March 7, 2016, Defendants filed a motion to dismiss the case with prejudice and for sanctions against Plaintiffs' attorney. (Doc. No. 109.) On March 21, 2016, Plaintiffs opposed Defendants' motion. (Doc. No. 111.) On March 28, 2016, Defendants replied to Plaintiffs' opposition. (Doc. No. 113.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), submitted the motions on the parties' papers. (Doc. Nos. 105, 114.) For the reasons that follow, the Court grants Plaintiffs' motion to dismiss without prejudice, denies Defendants' motion to dismiss with prejudice, and denies Defendants' motion for sanctions without prejudice.

## Background

Plaintiff Weiss is a registered representative for a securities broker-dealer, who, along with fifty-five of his clients, acquired approximately $4.7 million in limited liability membership interests issued by Defendant NNN Capital Fund I, LLC ("NNN") in April 2008. (Doc. Nos. 41-2 ¶ 2; 50 ¶¶ 10, 13.) Plaintiff Weber also purchased the limited liability membership interests. (Doc. No. 50, ¶ 11.) NNN's governing documents required arbitration of disputes related to the investment interests. (Doc. No. 50-1.)

On September 3, 2014, Plaintiffs filed a complaint in the San Diego County Superior Court. (Doc. No. 1-2.) On November 12, 2014, Defendants removed the case to the United States District Court for the Southern District of California. (Doc. No. 1.) On April 17, 2015, Plaintiffs filed a first amended complaint asserting individual claims and purported class claims against numerous defendants. (Doc. No. 50.)

On March 31, 2015, Defendants moved to compel contractual arbitration. (Doc. No. 38.) On April 2, 2015, Plaintiffs moved to appoint a receiver. (Doc. No. 41.) On May 8, 2015, the Court granted Defendants' motion to compel individual contractual arbitration in Orange County consistent with Paragraph 15.13 of the operating agreement and Paragraph 12 of the subscription agreement. (Doc. No. 67.) The Court denied Plaintiffs' motion to appoint a receiver. (Id.) On September 11, 2015, Plaintiffs filed a motion for reconsideration of their request for appointment of a receiver. (Doc. No. 85.) On October 22, 2015, the Court denied the motion for reconsideration and again ordered Plaintiffs to arbitration. (Doc. No. 94.)

On November 4, 2015, instead of arbitrating the case, Plaintiff Weiss filed an action in the Orange County Superior Court for declaratory relief seeking appointment of a manager of NNN. (Doc. No. 109-2 ¶ 7.) On November 9, 2015, Plaintiff Weiss filed an amended complaint in the Orange County Superior Court adding claims for appointment of a receiver and trustee and seeking an injunction. (Id.; Doc. No. 109-7.) On November 13, 2016, Plaintiff Weiss moved the Orange County Superior Court for relief on an ex parte basis. (Doc. No. 109-8.) On February 25, 2016, the Orange County Superior Court ordered

Plaintiff Weiss to arbitrate his claims. (Doc. No. 109-11.)

On December 24, 2015, Defendants moved for sanctions against Plaintiffs' attorney. (Doc. No. 96.) On January 20, 2016, the Court denied the motion for sanctions and directed Plaintiffs to begin arbitration within sixty days. (Doc. Nos. 96, 102.) On March 21, 2016, Plaintiffs filed a form with the American Arbitration Association but indicated an intention to dismiss the arbitration if the Court grants Plaintiffs' motion to dismiss without prejudice. (Doc. No. 112-2.)

## Discussion

A.  Motions to Dismiss

Plaintiffs argue that the Court should dismiss the case without prejudice. (Doc. No. 103-1.) They state their motion was prompted by the decision of Defendant NNN Realty Investors ("NNNRI") to commence an assignment for the benefit of creditors and to resign as manager of NNN. (Doc. No. 103-1 at 5.) Plaintiffs also cite the decision of Defendant Sovereign Strategic Mortgage Fund to repay money to NNN as a reason for the dismissal. (Id.) Plaintiffs state:

> Defendants accounted for the loans on the books of Company due from the Todd Mikles-controlled Sovereign Strategic Mortgage Fund, LLC ("SSMF") at 8% interest, repaid the loans in full by an amount in excess of $5 million, distributed the proceeds pro-rata to the members and there are alleged to be no further assets due to the members. . . . Plaintiff Weiss received a distribution of the proceeds of the SSMF loans consistent with his membership interests in the Company.

(Doc. No. 111 at 10; see also Doc. No. 104.)

Federal Rule of Civil Procedure 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); see also WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d 1039, 1059 n.6 (9th

Cir. 2011). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" Smith, 263 F.3d at 976 (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).

Plaintiffs explain that Defendants "repaid in full by an amount in excess of $5 million" "the loans on the books of" NNN and distributed the proceeds "pro-rata to the members," including Plaintiffs and the plaintiff class. (Doc. No. 104 ¶ 2.) As a result, they are not interested in pursuing further litigation. (Doc. No. 111.) Additionally, Defendants have not "show[n] that [they] will suffer some plain legal prejudice as a result" of the dismissal. Smith, 263 F.3d at 975. Consistent with this Court's order, the Orange County Superior Court has ordered Plaintiff Weiss to arbitrate his claims. (Doc. No. 107-10.) "Legal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend the action in a different forum or because the dispute will remain unresolved." WPP Luxembourg, 655 F.3d at 1059 n.6. Accordingly, the Court grants Plaintiffs' motion to dismiss without prejudice.[1] (Doc. No. 103.) Fed R. Civ. P. 41(a)(2).

"Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory," but rather discretionary. Westlands, 100 F.3d at 97. "[I]f [a] district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." Id.; see also Hepp v. Conoco, Inc., 97 F. App'x 124, 125 (9th Cir. 2004); DuFour v. Allen, No. 2:14-CV-05616-CAS-SS, 2015 WL 1285310, at *5 (C.D. Cal. Mar. 19, 2015).

Plaintiffs argue that the Court should not require payment of costs and fees as a condition of dismissal without prejudice. (Doc. No. 111 at 15-16.) Defendants argue that, if the Court dismisses the case without prejudice, then the Court should award attorneys'

---

[1] If subsequent events require revisiting this issue, the Court reserves the right to convert this dismissal into a dismissal with prejudice.

fees and costs to Defendants. (Doc. No. 109-1 at 13-14.) Defendants argue that Plaintiffs willfully delayed in complying with this Court's order to arbitrate their individual claims and engaged in forum shopping to the Orange County Superior Court. (Doc. No. 109-1.) The record confirms Defendants' position.[2] But Plaintiffs have pointed out intervening events that altered their strategy, including receipt of a pro-rata distribution of a loan repayment in excess of $5 million. (Doc. No. 111 at 16.) Exercising its discretion, the Court declines to award costs and fees at this time.

Defendants argue that the Court should dismiss Plaintiffs' case with prejudice for failure to prosecute because of their delay in commencing arbitration and their stated intention to dismiss the arbitration in the event the Court dismisses the case. (Doc. Nos. 109-1 at 8-13; 113 at 4.) Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A defendant must support a motion to dismiss pursuant to Rule 41(b) with "'a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)). Courts must also consider "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (9th Cir. 2010) (quoting Henderson, 779 F.2d at 1423). Because the Court grants Plaintiffs' motion to voluntarily dismiss the case without prejudice, it denies Defendants' motion to dismiss for failure to prosecute at this time.[3]

B.      Motion for Sanctions

The basis for Defendants' renewed motion for sanctions is that Plaintiffs

---

[2] The Court notes that the parties in the Orange County Superior Court litigation are not all identical to the parties in this litigation, but the gist of the litigation closely mirrors this litigation as to some of the parties.

[3] If subsequent events require revisiting this issue, the Court reserves the right to convert this dismissal into a dismissal with prejudice.

unreasonably delayed in complying with this Court's order to arbitrate their claims and engaged in forum shopping by filing a new action in the Orange County Superior Court. That Court also ordered Plaintiff Weiss to arbitration. (Doc. No. 109-11.) In light of the procedural history and the delay in the arbitration, Defendants urge the Court to exercise its authority to issue sanctions pursuant to 28 U.S.C. § 1927, which reads,

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Defendants also urge the Court to exercise its "inherent power" to issue sanctions. (Doc. No. 109-1 at 14-18.) But "[t]he district court's authority to sanction attorneys under § 1927 and its inherent disciplinary power must be exercised with restraint and discretion." Lahiri v. Universal Music & Video Distribution Corp., 606 F.3d 1216, 1223 (9th Cir. 2010). Exercising its discretion, the Court concludes that Plaintiffs' attorney's actions do not justify the imposition of sanctions at this time.[4] Accordingly, the Court denies Defendants' motion for sanctions without prejudice.

## Conclusion

For the reasons above, the Court grants Plaintiffs' motion to dismiss without prejudice, denies Defendants' motion to dismiss with prejudice, and denies Defendants' motion for sanctions without prejudice. (Doc. Nos. 103, 109.) The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**

DATED: April 8, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[4] If subsequent events require revisiting this issue, the Court reserves the right to impose sanctions at a later date.